JEFFREY B. COOPERSMITH (SBN 252819)
WALTER F. BROWN (SBN 130248)
MELINDA HAAG (SBN 132612)
RANDALL S. LUSKEY (SBN 240915)
STEPHEN A. CAZARES (SBN 201864)

ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:   +1-415-773-5700
Facsimile:   +1-415-773-5759

Email: jcoopersmith@orrick.com; wbrown@orrick.com;
       mhaag@orrick.com; rluskey@orrick.com;
       scazares@orrick.com

Attorneys for Defendant
RAMESH "SUNNY" BALWANI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HOLMES, et al.,<br><br>　　　　　Defendants. | Case No. 5:18-cr-00258-EJD<br><br>**DEFENDANT RAMESH "SUNNY" BALWANI'S RESPONSE IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE PORTIONS OF DOCUMENTS UNDER SEAL** |

**TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION .................................................................................................................. 1

II.   ARGUMENT ......................................................................................................................... 2

III.  CONCLUSION ..................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Casewell*,
  18 29 A. 259 (R.I. 1893) .................................................................................................... 3

*EEOC v. Erection Co.*
  900 F.2d 168 (9th Cir. 1990) ............................................................................................... 2

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) ............................................................................................. 1

*Gannett Co. v. DePasquale*,
  443 U.S. 368 (1979) ............................................................................................................ 3

*In re McClatchy Newspapers, Inc.*,
  288 F.3d 369 (9th Cir. 2002) ........................................................................................... 2, 3

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978) ............................................................................................................ 2

*Pintos v. Pac. Creditors Ass'n*,
  605 F.3d 665 (9th Cir. 2010) ............................................................................................... 2

*United States v. Schipke*,
  515 F. App'x 662 (9th Cir. 2013) ........................................................................................ 1

**Other Authorities**

First Amendment .................................................................................................................. 1, 2

Federal Rules of Evidence ........................................................................................................ 3

## I. INTRODUCTION

On November 20, 2020, the United States filed Motions *in Limine* in defendant Elizabeth Holmes's severed case. In support of its Motions *in Limine*, the United States filed a Declaration of AUSA Robert S. Leach (the "Declaration") attaching Exhibits A through R. Also on November 20, 2020, the United States filed an Administration Motion to file Exhibits L and M to the Declaration under seal (the "Administration Motion"). Because the Administration Motion impacts him, defendant Ramesh "Sunny" Balwani hereby files this response to the United States' Administrative Motion to provide additional support for the sealing of Exhibits L and M.

Exhibits L and M are both the same collection of five years' worth of personal text messages between Mr. Balwani and Elizabeth Holmes. The documents the government has appended to its Motions *in Limine* as Exhibits L and M are substantially the same document but with different information redacted. The document at Exhibit L was originally produced by Theranos to the SEC in response to an SEC subpoena, and redacts personal and intimate messages between Mr. Balwani and Ms. Holmes. Exhibit M was produced by Theranos to the Department of Justice ("DOJ") in response to a grand jury subpoena. When producing Exhibit M to DOJ, counsel for Theranos made only very narrow redactions. Gov't Mot. Ex. J at 5, ECF No. 588-11. The company's approach to redactions in Exhibit M was significantly narrower than the approach it used with respect to redactions in Exhibit L.

As the United States concedes in its Administrative Motion, Exhibits L and M "include years' worth of private and intimate messages between defendants." Gov't Admin. Mot. 1, ECF No. 589. The government appears to recognize the harm that could come to Mr. Balwani by public disclosure of these highly personal documents containing intimate text messages, and so has provisionally filed these documents under seal. While the government has provisionally filed Exhibits L and M under seal "out of an abundance of caution" and "so that the Court may assess the propriety of sealing," the government also contends that "they do not appear to meet the criteria for sealing." *Id*. Mr. Balwani disagrees with the government's contention for the following reasons.

## II. ARGUMENT

Courts recognize a presumed right of access to court records grounded in the First Amendment and in federal common law. However, the Ninth Circuit has held that this presumption can be overridden if there are "sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). While this 'compelling reasons' standard applies to most court records, a showing of good cause is enough to seal non-dispositive papers, including in criminal cases. *See, e.g.*, *United States v. Schipke*, 515 F. App'x 662, 664 n.1 (9th Cir. 2013). A party requesting to seal documents filed in connection with a non-dispositive motion—like the government's Motions *in Limine* here—is only required to meet the lower "good cause" standard to protect the information from disclosure.

The public interest in disclosure of non-dispositive documents is lesser than in other contexts. *See, e.g.*, *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in non-dispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal."). Even if the standard were higher, the reasons here are compelling: disclosing personal and intimate communications between defendants would violate Mr. Balwani's privacy interests and promote public scandal while fulfilling no public interest.

Courts should seal when court records might "become a vehicle for improper purposes"; access to court records should not be permitted to "gratify private spite or promote public scandal" with no corresponding assurance of public benefit. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 603 (1978); *see also EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990) (noting "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes" is a factor relevant to determining whether the presumption of access is overcome).

The court should consider the severe intrusion on Mr. Balwani's privacy interests that the public disclosure of these documents would effect. Courts in this circuit have recognized that "the need to protect individual privacy rights may, in some circumstances, rise to the level of a substantial governmental interest and defeat First Amendment right of access claims." *In re*

*McClatchy Newspapers, Inc.*, 288 F.3d 369, 374 (9th Cir. 2002).  In filing its Administration Motion to file under seal Exhibits L and M, the government appears to recognize the sensitive, confidential, and private nature of the information contained within these documents.  In addition to violating Mr. Balwani's privacy interests, public filing of years' worth of private text messages—which include the mobile phone numbers of Mr. Balwani, Ms. Holmes, and others—would risk a media firestorm improperly intruding into highly personal matters irrelevant to the criminal case at hand.  The government has already included a selection of the text messages from Exhibits L and M that relate to Theranos business into the public record in its Motions *in Limine*.  ECF No. 588 at 12-14.  But the entire documents contain years' worth of highly personal communications and should not be filed on the public docket.

This case has been widely covered and closely followed by the media nationwide.  In today's age of routine, instant, and wide-spread internet disclosure of information the public perceives to be scandalous, these texts would be available permanently and indefinitely for unlimited public consumption and tempting manipulation and misuse.  Mr. Balwani would be unable to escape the public scrutiny and embarrassment. "To publicly broadcast the painful, and sometimes disgusting, details of a [] case, not only fails to serve any useful purpose in the community, but, on the other hand, directly tends to the demoralization and corruption thereof, by catering to a morbid craving for that which is sensational and impure." *In re Casewell*, 29 A. 259 (R.I. 1893).

Mr. Balwani is not asking for a sealed courtroom in the event that the government (or Ms. Holmes) ultimately offers this evidence and it is admitted; Mr. Balwani understands that the information will be made public at that time.  This should vindicate any government interest in public disclosure.  At trial, Mr. Balwani's rights will be protected by the Federal Rules of Evidence prohibiting the introduction of any irrelevant and unfairly prejudicial text messages between the defendants.  However, public consumption of these 589 pages of text messages would be unfiltered by the Federal Rules of Evidence and would create unnecessary and unfair public speculation. "[A] trial judge has an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity." *Gannett Co. v. DePasquale*, 443 U.S. 368, 378 (1979).

The information contained in these documents has not been made readily available to the general public through the prosecution of this case.[1]  The government has not identified any public interest that would be served by filing these documents on the public docket in this criminal case.  Especially because Mr. Balwani is presumed innocent, any desire to harm him by spreading intimate text messages across the docket would not be a valid reason.  While these documents are partly redacted, the partial redactions by no means cover all personal and intimate text messages between the defendants nor do they leave unredacted only text messages that allegedly "demonstrate their knowledge that their statements to investors were false and misleading and that Theranos's testing was beset with problems," as the government contends in its Motions *in Limine*.  ECF No. 588 at 11.  Moreover, the fact that these documents contain 589 pages of text messages between defendants over a five-year period assures that they are overbroad and include hundreds, if not thousands, of text messages that are personal in nature.  As the government itself admits in its Administrative Motion, these documents "include years' worth of private and intimate messages between defendants."  Accordingly, they bear no relevance to the case at hand.

### III.   CONCLUSION

For these reasons, Mr. Balwani respectfully requests that the Court grant the United States' Motion for Administrative Relief and enter an order permitting the filing under seal of Exhibits L and M to the November 20, 2020 Declaration of AUSA Robert S. Leach in Support of United States' Motions *in Limine*.

//

//

---

[1] Mr. Balwani is aware that the document the government has filed as Exhibit L (the more heavily-redacted version) was produced to a law firm representing a film production company (Jigsaw Productions) per court order in civil litigation involving Theranos.  As explained above, Exhibit M (the minimally-redacted version) was produced to DOJ in response to a grand jury subpoena; Mr. Balwani is aware of no other production, dissemination, or viewing of Exhibit M beyond its production to DOJ.

| | |
|---|---|
| Dated:  November 24, 2020 | Respectfully submitted,<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br><br>/S/ Jeffrey B. Coopersmith<br>JEFFREY B. COOPERSMITH<br><br>Attorney for Defendant<br>RAMESH "SUNNY" BALWANI |