STEPHANIE M. HINDS (CABN 154284)
Attorney for the United States,
Acting Under Authority Conferred By 28 U.S.C. § 515

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFF SCHENK (CABN 234355)
JOHN C. BOSTIC (CABN 264367)
ROBERT S. LEACH (CABN 196191)
VANESSA BAEHR-JONES (CABN 281715)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Fax: (408) 535-5066
    Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-CR-00258 EJD |
| Plaintiff, | UNITED STATES' RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SETTLEMENTS UNDER FEDERAL RULES OF EVIDENCE 401-403 AND 408 [ECF. NO. 571] |
| v. | |
| ELIZABETH HOLMES, | |
| Defendant. | Date: March 23, 2021<br>Time: 10:00 a.m.<br>Court: Hon. Edward J. Davila |

The government respectfully submits its Response to Defendant's Motion to Exclude Evidence of Settlements Under Federal Rules of Evidence 401-403 and 408. The government agrees that settlements may not be used by either party to prove the validity or invalidity of a disputed claim. Any order should be limited to use of settlement agreements for that purpose.

## FACTUAL BACKGROUND

Defendant Elizabeth Holmes and her company, Theranos, Inc., were parties to multiple lawsuits arising from their deception of investors and patients:

- *Partner Investments, L.P. v. Theranos, Inc.* On October 10, 2016, Theranos investors, Partner Investments, L.P., PFM Healthcare Master Fund, L.P., and PFM Healthcare Principals Fund, L.P., sued Defendant, Theranos, and Ramesh Balwani alleging wrongdoing in connection with their purchase of Theranos securities. After extensive discovery, Defendant, Theranos, and Balwani agreed to settle the litigation with a $43,500,000 payment. *See* January 8, 2021 Declaration of AUSA Robert S. Leach in Support of United States' Opposition to Defendant's Motions *in Limine* ("1/8/2021 Leach Decl."), Ex. 1 at TS-0959198 (the "PFM Settlement"). At least one PFM witness is expected to testify in the trial, and the wire alleged in Count 6 of the operative indictment relates to PFM's investment. ECF No. 469 ¶ 24.

- *Colman v. Theranos, Inc.* On November 28, 2016, Robert Colman, who alleged he invested in Theranos through a private limited liability company, and another investor, sued Defendant, Theranos, and Balwani in an alleged class action asserting fraud and other claims under California law. *See Colman v. Theranos, Inc.*, Case No. 16-CV-6822-NC (N.D. Cal. Nov. 28, 2016), ECF No. 1. On July 20, 2018, after discovery, the parties filed a Stipulation and Proposed Order Dismissing Case Under Fed. R. Civ. P. 41(a)(1)(A)(ii). ECF No. 313. The Court entered an order of dismissal that day. ECF No. 314 (the "Colman Settlement").

- *Keith Rupert Murdoch*. On December 29, 2016, a Theranos investor, Keith Rupert Murdoch, entered into a settlement agreement with Theranos providing for a full release of claims. 1/8/21 Leach Decl. Ex. 2 at TS-0475902 (the "Murdoch Settlement"). In exchange, Defendant, on behalf of Theranos, agreed to a "Maximum Settlement Payment" of no more than $10,000,000. *Id*. at TS-0475902 & TS-0475905.

- *Safeway*. On July 8, 2016, Safeway and Theranos entered into an Agreement Terminating Master Purchase Agreement and Releasing Claims, which provided for a $15,500,000 payment by Theranos to Safeway. *Id.* Ex. 3 at THPFM0003022508 (the "Safeway Settlement").

- *Walgreen Co. v. Theranos, Inc.* On November 8, 2016, Walgreen Co. filed a complaint against Theranos alleging breach of contract. *See Walgreen Co. v. Theranos, Inc.*, Case No. 16-CV-1040-RGA (D. Del. Nov. 8, 2016), ECF No. 2. Walgreens sought more than $140 million in relief. On July 28, 2017, Walgreens and Theranos entered into a settlement agreement providing for the payment by Theranos of $30,000,000, an agreement that Theranos would pay Walgreens by June 2022 an additional $40,000,000 under the terms of a promissory note previously issued by Theranos, and the release of claims. 1/8/2021 Leach Decl. Ex. 4 at 2 & 3 (the "Walgreens Settlement"). Theranos failed to pay $5 million of the $30 million it promised to pay and entered into an insolvency proceeding depriving Walgreens of its rights to payment under the promissory note. *Id.* Ex. 5 at US-REPORTS-0014398.

- *SEC v. Holmes*. On March 14, 2018, the Securities and Exchange Commission ("SEC") charged Theranos and Defendant with violating the federal securities laws, alleging they raised more than $700 million from investors through an elaborate, years-long fraud in which they exaggerated or made false statements about the company's technology, business, and financial performance. *See SEC v. Holmes*, Case No. 18-CV-1602-EJD (N.D. Cal. Mar. 14, 2018), ECF No. 1. Theranos and Defendant agreed to resolve the charges against them. *Id.* ECF Nos. 3 & 4, 12 & 13 (the "SEC Settlements").[1] In addition to agreeing to a financial penalty, Defendant agreed to give up majority voting control over the company, as well as to a reduction of her equity.

Defendant also is currently a party in consolidated class actions in Arizona alleging negligence- and fraud-based claims, battery, and racketeering violations. *See In re Arizona Theranos, Inc. Litig.*, Case No. 16-CV-2138 HRH (D. Ariz.). On March 6, 2020, the district court ordered certification of a class. That ruling currently is on appeal to the Ninth Circuit. *See B.P. v. Walgreens Boots Alliance, Inc.*, Case No. 20-15974 & 20-15976.

---

[1] In this brief, the PFM, Colman, Murdoch, Safeway, Walgreens, and SEC Settlements are referred to as "the Settlement Agreements."

GOVT. RESP. TO MOT. *IN LIMINE* RE SETTLEMENTS,
CASE NO. 18-258 EJD                              2

# ARGUMENT

Rule 408 places limits on the admission of evidence of "Compromise Offers and Negotiations." It provides:

(a) **Prohibited Uses.** Evidence of the following is not admissible – on behalf of any party – either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

> (1) furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim; and

> (2) conduct or a statement made during compromise negotiations about the claim – except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

(b) **Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

FED. R. EVID. 408.

The government does not presently intend to offer evidence of the Settlement Agreements. The government, however, notes the following:

First, Rule 408 does not bar use of settlement agreements for purposes other than proving or disproving the validity or amount of a disputed claim. Indeed, the rule specifically identifies proof of bias as a permissible purpose. *See also Brocklesby v. United States*, 767 F.2d 1288, 1292-93 (9th Cir. 1985) (affirming admission of settlement agreement as relevant to credibility). Cross-examination of witnesses may make one or more of the Settlement Agreements relevant to a witness's bias or credibility. For example, Defendant may seek to suggest Walgreens witnesses are testifying in a certain manner to further Walgreens' litigation position. Similarly, Defendant may suggest PFM witnesses are testifying in a certain manner to enhance PFM's chance at a monetary recovery. Defendant may seek to suggest that other investors have not complained or agreed not to assert claims. Both parties should be permitted to use the Settlement Agreements for any purpose, including bias or credibility, not prohibited by Rule 408(a).

Second, the rule only applies to (1) "furnishing, promising, or offering . . . valuable consideration" in compromising or attempting to compromise a claim and (2) conduct or statements in

certain "compromise negotiations." It does not apply to a broad swath of conduct or statements in litigation, such as depositions, responses to interrogatories, answers to complaints, and conduct or statements not in "compromise negotiations." Because Defendant has not identified any particular "compromise negotiation" she fears the government may offer, the Court should decline to issue a blanket order that may inadvertently sweep up conduct or statements in litigation not made in "compromise negotiations."

Third, to the extent Defendant argues that Safeway or Walgreens believed Theranos adequately performed under services agreements, the government should be permitted to use the Settlement Agreements in response. Defendant should not be permitted to suggest falsely that Safeway or Walgreens were satisfied with Theranos's performance.

Fourth, in criminal cases such as this, the rule expressly does *not* apply to statements "made during compromise negotiations" "related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority." FED. R. EVID. 408(a)(2). Thus, statements made during compromise negotiations related to the SEC's claim of securities fraud are not excluded by the rule. To the extent Defendant asserts defenses today she did not assert in testimony before the SEC or in compromise negotiations with the SEC, Rule 408 poses no bar to admissibility, nor should the Court rule now that Rule 403 is a categorical bar to admission of evidence touching on the timing of when Defendant first asserted certain defenses.

Finally, the Court should reject Defendant's suggestion – in a footnote – that the parties should not be permitted to comment on or present evidence related to ongoing civil litigation. ECF No. 571 at 4 n.2. Rule 408 does not bar reference to litigation, it bars uses of settlement agreements for particular purposes.

**CONCLUSION**

Because there are foreseeable, permissible uses for the Settlement Agreements, the Court should limit any order to a prohibition on using them for purposes prohibited by Rule 408(a). To the extent Defendant seeks additional relief, the Court should deny the motion.

DATED: January 8, 2021                                  Respectfully submitted,

STEPHANIE M. HINDS
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

*/s Robert S. Leach*
_____
JEFF SCHENK
JOHN C. BOSTIC
ROBERT S. LEACH
VANESSA BAEHR-JONES
Assistant United States Attorneys