STEVEN W. FOGG (Admitted *Pro Hac Vice*)
JEFFREY B. COOPERSMITH (SBN 252819
CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
Telephone: (206) 625-8600
Facsimile: (206) 625-0900
Email: sfogg@corrcronin.com
jcoopersmith@corrcronin.com

AMY WALSH (Admitted *Pro Hac Vice*)
STEPHEN A. CAZARES (SBN 201864)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: awalsh@orrick.com; scazares@orrick.com

Attorneys for Defendant RAMESH BALWANI

CORR CRONIN LLP

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>Defendant, | Case No. CR-18-00258-002 EJD<br><br>**DEFENDANT'S OPPOSITION TO APPLICATION FOR WRIT OF CONTINUING GARNISHMENT**<br><br>(STOCK ACCOUNTS) |
| FIDELITY INVESTMENTS,<br><br>Garnishee. | |

Defendant Ramesh "Sunny" Balwani ("Defendant") submits this Objection to the government's Application for Writ of Continuing Garnishment ("Application") for property that may be held by Fidelity Investments ("Garnishee"). The Amended Judgment in this case requires

Defendant to pay $25.00 quarterly in restitution while he remains imprisoned. Nothing in the Amended Judgment allows the government to take steps to immediately enforce the entire debt. The government is bound by the specific terms of the judgment, and the Court should therefore deny the government's Application.

**BACKGROUND**

In the Amended Judgment entered against Defendant on May 30, 2023, the Court ordered payment of restitution in the total amount of $452,047,268, along with a $25,000 fine. The Court's restitution ruling is currently on appeal. The Amended Judgment sets forth the following Schedule of Payments for "the total criminal monetary penalties":

> Special instructions regarding the payment of criminal monetary penalties: It is further ordered that the defendant shall pay to the United States a special assessment of $1,200, a fine in the amount of $25,000, and restitution in the amount of $452,047,268. **During imprisonment, payment of the monetary penalties are due at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.** Once the defendant is on supervised release, the fine must be paid in monthly payments of not less than $1,000 or at least 10 percent of earnings, whichever is greater, to commence no later than 60 days from placement on supervision. Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and 3644(m). Fine payments shall be made to the Clerk of U.S. District Court, Attention: Financial Unit, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

Dkt. No. 1766 at 7 (emphasis added).

On June 7, 2023, the government filed an Administrative Motion to Correct Judgments. *See* Dkt. No. 1770. Relevant here, the government asked the Court to correct the reference in the Amended Judgment from 18 U.S.C. §§ 3644(m), which does not exist, to 18 U.S.C. §§ 3664(m), a provision in the Mandatory Victim Restitution Act ("MVRA"). Dkt. No. 1770 at 4-5. The Court has not ruled on the government's motion to revise the Amended Judgment.

The government filed the Application on September 26, 2023, seeking to immediately enforce the full judgment debt pursuant to the MVRA. *See* Dkt. No. 1783. The government's supporting documents include a copy of the Notice of Lien to Garnishee, and states that Garnishee responded to the government's Notice of Lien on June 9, 2023. Dkt. No. 1783-1, ¶¶ 9-10 & Ex. B.



CORR CRONIN LLP

The government did not include a copy of Garnishee's response, and Defendant was not served with a copy of that response. The Application recites that Garnishee's response provided information that Mr. Balwani has $188,530 in an investment account. With its Application, the government also filed a draft Clerk's Notice of Post-Judgment Garnishment and Instructions to Defendant. Dkt. No. 1784. The unsigned draft Clerk's notice, if signed by the Clerk and served on Defendant, would instruct Defendant to object and request a hearing within 20 days after receiving the Clerk's notice or the Garnishee's answer to the writ of garnishment, whichever is later. Dkt. No. 1784 at 2-3. However, for the reasons discussed in this opposition, the Amended Judgment does not permit the government to proceed with a writ of garnishment. The Application is therefore improper and should not result in the issuance of any such writ by the Court.

## ARGUMENT AND AUTHORITY

### A. The Judgment, Which Controls Over The MVRA, Does Not Authorize Immediate Enforcement Of The Full Judgment Debt.

The Court should deny the Application because the Amended Judgment controls over the MVRA and nothing in the Amended Judgment allows the government to immediately enforce the full judgment debt.

#### 1. The Specific Terms Of The Judgment Control Over The MVRA.

The express terms of a judgment control over the government's authority to enforce judgment debts under the MVRA. *See, e.g.*, *United States v. Villongco*, No. 07-009, 2016 WL 3747508, at *5 (D.D.C. Jul. 11, 2016) (unpublished); *U.S. v. Martinez*, 812 F.3d 1200, 1207 (10th Cir. 2015) ("The government has statutory authority to enforce only the terms of a restitution order, not to take an enforcement action that would exceed a restitution order's payment terms. Thus, the government's enforcement is limited by the restitution order . . ."); *United States v. Kay*, No. CR 11-218(1) ADM/TNL, 2017 WL 875784, at *4 (D. Minn. Mar. 3, 2017) ("The statutory framework authorizes only the Court to determine how a defendant pays restitution; the government is limited to enforcing only what the Court has ordered.") (unpublished).

**2. The Amended Judgment Contains A Payment Schedule That Precludes The Government From Immediately Collecting The Full Judgment Debt.**

As noted previously, the Schedule of Payments sets forth "[s]pecial instructions regarding the payment of criminal monetary penalties." The Court could have ordered a lump sum payment "due immediately," "[p]ayment to begin immediately," or installment payments. Dkt. No. 1766 at 7. Instead, the Amended Judgment requires Defendant to pay $25.00 per quarter while he is imprisoned. *Id.* The Amended Judgment also explicitly states that, "[u]nless the court has expressly ordered otherwise," the "payment of criminal monetary penalties is due during imprisonment." Dkt. No. 1766 at 7. The Court "expressly ordered otherwise" here by setting the payment of monetary penalties at "not less than $25 per quarter."

Defendant is currently imprisoned at FCI Terminal Island with a projected release date of March 2, 2034. Dkt. No. 1783 at ¶ 2. Because the Court entered a payment schedule, the government cannot immediately collect the full amount of restitution. *Kay*, 2017 WL 875784, at *4 (holding that "the Government is precluded from seeking the full restitution amount immediately" and "may not garnish Kay's brokerage accounts to satisfy a judgment in a manner not contemplated in the restitution order" where "the restitution order requires Kay to pay his restitution obligation in quarterly installments while incarcerated and monthly installments once released from confinement, and because Kay has fully complied with this requirement").

*Villongco* is illustrative. There, the government sought "to garnish from the defendant a significantly greater portion of his restitution obligation than was authorized by the court-ordered payment schedule imposed as part of the restitution order at the time of sentencing." *Id.* at *6. The district court rejected the government's argument, as it was "not persuaded that any provision or purpose of the MVRA permits the government to ignore the specific terms of the restitution order, including, in particular, a payment schedule imposed after consideration of the requisite statutory factors concerning the economic circumstances of the defendant." *Id.* at *7. Like the judgment in *Villongco*, the Amended Judgment here includes a payment schedule. Those terms therefore control over the MVRA. The government cannot ignore the specific terms of that payment schedule and take action to immediately enforce the full judgment. Doing so would improperly exceed the Amended Judgment's payment terms.

CORR CRONIN LLP

Further, as noted above, the Court did not order that restitution is due immediately or that the obligation for payment of restitution would begin immediately. Thus, even if the government could somehow read the Amended Judgment to allow it to collect the full amount of restitution immediately, that would make the Amended Judgment internally inconsistent such that the government's attempt to proceed with garnishment would be improper. *See United States v. Holden*, 908 F.3d 395 (9th Cir. 2018) (striking portion of judgment that ordered restitution to be paid in full immediately because that portion was inconsistent with another part of judgment that ordered payments while defendant was incarcerated).

**3. Neither 18 U.S.C. §§ 3613 Nor 3644(m) Give The Government Authority To Immediately Collect The Full Judgment Debt.**

The government appears to rely on the language in the Amended Judgment that, "[n]otwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and 3644(m)," to seek to enforce the full judgment. Dkt. No. 1766 at 7; *see* Dkt. No. 1783 at ¶ 6. This language, however, does not authorize the government to immediately collect the full judgment debt. For the same reasons, the Amended Judgment does not authorize the government to freeze Defendant's accounts as it has done with respect to the Fidelity account and others. In view of the language of the Amended Judgment, the government has acted unlawfully and extra-judicially in so doing, and Defendant reserves all rights.

***First***, 18 U.S.C. § 3613 authorizes the United States to "enforce a judgment imposing a *fine* in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a) (emphasis added). That subchapter of the U.S. Code differentiates between a "fine," an "assessment," and "restitution." *Compare* 18 U.S.C. § 3611 ("A person who is sentenced to pay a fine, assessment, or restitution, shall pay the fine, assessment, or restitution . . .") *with* 18 U.S.C. § 3613(a) (discussing enforcement of a judgment "imposing a fine"). Generally, "when the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended." *Cheneau v. Garland*, 997 F.3d 916, 920 (9th Cir. 2021) (quoted source omitted). The Amended Judgment

CORR CRONIN LLP

similarly distinguishes between different types of payments, including, for instance, "restitution principal," "restitution interest," "fine principal," and "fine interest." Dkt. No. 1766 at 7 (footnote). At most, the reference to 18 U.S.C. § 3613(a) authorizes the government to collect the $25,000 fine ordered in the Amended Judgment—*not* the full judgment debt.

***<u>Second</u>***, the government cannot immediately enforce the full amount of restitution because 18 U.S.C. § 3644(m) does not exist and the Court lacks jurisdiction to correct the Amended Judgment. Under Rule 35, a district court "may correct a sentence that resulted from arithmetical, technical, or other clear error" only if done *"[w]ithin 14 days after sentencing*." Fed. R. Crim. P. 35(a) (emphasis added). The Amended Judgment was entered on May 30, 2023. Because the Court did not correct the Amended Judgment within 14 days, the Court now lacks jurisdiction to do so under Rule 35.

Nor can the Court amend the Amended Judgment under Rule 36. Rule 36 states that "the court may at any time correct a *clerical* error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36 (emphasis added). A criminal defendant is entitled to at least as much protection from judicial afterthoughts as a civil defendant. *U.S. v. Kaye*, 739 F.2d 488, 491 (9th Cir. 1984) (citing 8A J. Moore, *Moore's Federal Practice* § 36.02 at 36-4 (inadvertent errors are corrected under Rule 36 "to conform the record to the intention of the court and parties"). For this reason, "Rule 36 applies to clerical errors only." *Kaye*, 739 F.2d at 491 (quoting *U.S. v. Marchese*, 341 F.2d 782, 788 (9th Cir. 1965). "[I]f the error or omission is indeed a *judicial* error, rather than a clerical mistake, it is not within the purview of the rule." *Kaye*, 739 F.2d at 491 (emphasis added). *See also U.S. v. Dickie,* 752 F.2d 1398, 1400 (9th Cir. 1985) ("[T]he district court has no discretionary authority under Rule 36 to correct its own errors in imposing an otherwise valid sentence . . .").

"When there is a discrepancy between the orally pronounced sentence and the written judgment, the oral sentence controls, and the error may be corrected under Rule 36." *U.S. v. Richardson*, 2011 WL 2693045, at *1-2 (S.D. Ill. Jul. 12, 2011) (unpublished). *See, e.g.*, *U.S. v. Eskridge*, 445 F.3d 930 (7th Cir. 2006) ("If the failure of the judgment order to state that the judge was imposing two (concurrent) terms of supervised release in the first revocation was merely a

clerical error—that is, if the court announced two new terms but the clerk who typed the judgment included just one—then Rule 36 will allow correction even now."); *Kaye*, 739 F.2d at 490-91 (concluding that Rule 36 could be used only to correct the clerical error in omitting the numbers of two counts that the defendant had been convicted of, and which the Court of Appeals affirmed, but were erroneously not included in the judgment). In other words, Rule 36 may not be used to make changes "that the record does not indicate was previously authorized." *Kaye*, 739 F.2d at 491.

Here, the incorrect citation to 18 U.S.C. § 3644(m) was conceivably a judicial error, but it was not a clerical error. The transcript of the February 17, 2023 restitution hearing does not reflect that the Court intended to allow the government to immediately enforce the full judgment under 18 U.S.C. § 3664(m). *See Eskridge*, 445 F.3d at 935 (looking at the transcript of the sentencing hearing to resolve the issue of clerical error versus judicial error). 18 U.S.C. § 3664 was mentioned only once—by the government, not the Court, and in the different context of whether victims were required to participate in the proceedings. Dkt. No. 1777 (Transcript of 2/17/2013 Hearing) at 8:9-13. The Court never mentioned 18 U.S.C. § 3644(m) or 18 U.S.C. § 3664 during the hearing. The Court's Order on Restitution (Dkt. No. 1760) mentions section 3664 but not in connection with when restitution is due and that ruling never cites section 3664(m) or the non-existent section 3644(m). This is not a situation where a court expressly cited the correct statute and the clerk mistakenly wrote down the incorrect statute when reducing the judge's oral ruling to a written judgment. The omission of the correct statute in the Amended Judgment is therefore a possible judicial error, not a clerical error, and cannot be corrected through Rule 36. *See Eskridge*, 445 F.3d at 934 ("A district judge may still correct a final judgment in a criminal case to reflect the sentence he actually imposed but he cannot change the sentence he did impose even if the sentence was erroneous"); *Richardson*, 2011 WL 2693045, at * 3 (Rule 36 "does not provide for a sentence to be changed, not even if the sentence is erroneous").

Even if the error were considered clerical, Defendant's June 13, 2023 notice of appeal also divested this Court of jurisdiction to correct the Amended Judgment under Rule 36. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court

of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982). It is "generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Id.* This is because "[i]t is not 'tolerable' to have a district court and a court of appeals simultaneously analyzing the same judgment, *i.e.*, to have situations in which district courts and courts of appeal would both have the power to modify the same judgment." *United States v. Jacques*, 6 F.4th 337, 342 (2d Cir. 2021) (cleaned up) (quoting *Griggs*, 459 U.S. at 59-60).

In *Jacques*, the Second Circuit applied this general appellate-divestiture rule to hold that a district court lacks authority under Rule 36 to correct a clerical error in a judgment while an appeal was pending from the denial of the defendant's prior Rule 36 motion. The Second Circuit reasoned that the "at any time" language in Rule 36 "was meant literally in the temporal sense, rather than in a situational sense." 6 F.4th at 342-43. In so concluding, the Second Circuit looked at the original Rule 35, which, similar to the current Rule 36, provided that a court "may correct an illegal sentence *at any time*."[1] *Id.* at 343 (emphasis in original) (quoting Fed. R. Crim. P. 35 (1944). "Before the adoption of the Federal Rules of Criminal Procedure in 1944, 'the expiration of a term of court [w]as a time limitation for the taking of a step in any criminal proceeding." *Id.* (quoting Fed. R. Crim. P. 45 Advisory Committee Note (1944)). The Advisory Committee thus added "at any time" to Rule 35 to provide "a flexible *time* limitation on the power of the court to reduce a sentence, *in lieu of the present limitation of the term of court*." *Id.* (emphasis in original) (quoting Fed. R. Crim. P. 35 Advisory Committee Note (1944)).

While the "brief 1944 Advisory Committee Note to Rule 36 did not similarly refer to the term-of-court limitation," it did state "that Rule 36 continued 'existing law'" and cited to *Rupinski*

[1] In *U.S. v. Ortega-Lopez*, 988 F.2d 70 (9th Cir. 1993), the Ninth Circuit held that the district court lacked jurisdiction to amend a clerical error under Rule 35 because Congress had amended Rule 35 to remove the language allowing a court to correct an illegal sentence "at any time." *Id.* at 72. The Court reasoned that "it is now clear that a district court is divested of jurisdiction once a notice of appeal has been filed from the original sentence." *Id.* But Federal Rule of Appellate Procedure 4(b)(5) "expressly provides that the filing of a notice of appeal does *not* divest the district court of jurisdiction to correct a sentence under Rule 35(a)." Fed. R. Crim. P. 35 Advisory Committee Note (2009) (emphasis added). This exception to the general appellate-divestiture rule makes sense, given that the district court only has a limited 14-day window in which to correct errors under Rule 35.



CORR CRONIN LLP

*v. United States*, 4 F.2d 17 (6th Cir. 1925). *Jacques*, 6 F.4th at 343. The Sixth Circuit held in *Rupinski* that the Court of Appeals had the power to grant a request for the "clerical" correction of an error discovered "*long after the term had passed*." *Jacques*, 6 F.4th at 343 (emphasis in original) (quoting *Rupinski*, 4 F.2d at 18). Rule 36 therefore allows a court to correct a clerical error years after entry of an erroneous judgment. But, as the Second Circuit's well-reasoned analysis in *Jacques* makes clear, Rule 36 does *not* allow a district court to amend aspects of a judgment that are the subject of a pending appeal.[2] *See Jacques*, 6 F.4th at 343-44. This includes clerical errors that "could have a substantive effect," such as "subjecting a defendant to more severe penalties for subsequent crimes" by mis-describing an offense. *Id.* at 344. As noted above, this Court's restitution judgment is currently on appeal.

As discussed above, the government's enforcement powers are limited by the specific terms of a judgment. The government has requested a number of purportedly "administrative" revisions to the Amended Judgment, including changing "18 U.S.C. § 3644(m)" to "18 U.S.C. § 3664(m)." The Court did not rule on that motion prior to Defendant filing his notice of appeal on June 13, 2023. Because the alleged "clerical" errors the government seeks to request "could have a substantive effect" on Defendant, the judgment itself, and Defendant's pending appeal, the Court lacks jurisdiction to revise the Amended Judgment under both Rule 35 and 36. Allowing otherwise would improperly allow both this Court and the Ninth Circuit to simultaneously analyze—and potentially modify—the exact same judgment before the Ninth Circuit rules on Defendant's appeal. The government therefore has no authority under the nonexistent 18 U.S.C. § 3644(m) *or* the MVRA, 18 U.S.C. § 3664(m), to collect the full judgment debt at this time.

---

[2] Defendant acknowledges that the Ninth Circuit has previously held in two non-binding, unpublished opinions that a district court does not lose jurisdiction to make a Rule 36 correction while an appeal is pending. *See United States v. Hinsley*, 112 F.3d 517, 1997 WL 210777 (9th Cir. 1997) (unpublished), and *United States v. Bennett*, 76 F.3d 389, 1996 WL 32131 (9th Cir. 1996) (unpublished). However, neither of these unpublished opinions—which were issued prior to January 1, 2007 *and* prior to the Second Circuit's well-reasoned opinion in *Jacques*—have any binding or precedential value in this Court. Circuit Rule 36-3(a), (c). Regardless, both *Hinsley* and *Bennett* are inapposite because, unlike here, the errors in those cases were actually clerical errors. *See Hinsley*, 1997 WL 210777, at *1 ("the district court did no more than correct a clerical mistake in its written judgment by conforming the written judgment to the terms which the district court pronounced orally"); *Bennett*, 1996 WL 32131, at *2 (clerical error existed where "district court's unambiguous oral pronouncement" of defendant's sentence *recommended* he be placed in a federal medical facility, but court's subsequent written order *required* defendant to serve his term at a federal medical facility).

**CONCLUSION**

Defendant respectfully requests that the Court deny the Application for Writ of Continuing Garnishment. Alternatively, Defendant asks that the Court limit the writ to the amount of the $25,000 fine.

DATED: October 12, 2023

Respectfully submitted,

<u>*/s/ Jeffrey B. Coopersmith*</u>
Jeffrey B. Coopersmith, SBN 252819
Steven W. Fogg (Admitted *Pro Hac Vice*)
Attorneys for Ramesh Balwani

CORR CRONIN LLP