ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
VIVIAN F. WANG (CABN 277577)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7431
Fax: (415) 436-6570
Email: Vivian.Wang@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RAMESH BALWANI,<br>Defendant,<br>______<br>FIDELITY INVESTMENTS,<br>Garnishee. | CASE NO. CR 18-00258-002 EJD<br><br>**UNITED STATES' REPLY TO DEFENDANT'S OPPOSITION TO APPLICATION FOR WRIT OF CONTINUING GARNISHMENT**<br><br>(STOCK ACCOUNTS) |

## I. INTRODUCTION

Faced with a restitution debt of over $452 million, Defendant Ramesh "Sunny" Balwani ("Defendant") contends that he need not pay anything beyond $25 per quarter while imprisoned—i.e., a total of approximately $1,300 over his 155-month sentence. To the contrary, the only plausible reading of Defendant's judgment is that the periodic payment schedule is merely a floor, not a ceiling, to his

restitution obligations. The judgment states that he must pay "not less than" $25 per quarter; it specifies that "Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means;" and it cites 18 U.S.C. §§ 3613 and 3664(m).[1] Accordingly, the government is authorized to take immediate action to enforce Defendant's restitution obligations beyond the $25-per-quarter floor. This Court should grant the government's application for a writ of continuing garnishment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 2022, the Probation Office disclosed the Presentence Investigation Report ("PSR") for Defendant. The PSR recommended, with respect to restitution, that the judgment against Defendant should state:

> During imprisonment, payment of restitution is due at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Once the defendant is on supervised release, restitution must be paid in monthly payments of not less than $1,000 or at least 10 percent of earnings, whichever is greater, to commence no later than 60 days from placement on supervision. Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and ***3664(m).*** The restitution payments shall be made to the Clerk of U.S. District Court, Attention: Financial Unit, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102. The defendant's restitution obligation shall be paid jointly and severally with other defendants in this case until full restitution is paid.

(PSR, Sentencing Recommendation at 6, emphasis added). On December 7, 2022, this Court sentenced Defendant to serve a 155-month term of imprisonment, and to pay a $25,000 fine and a $1,200 special assessment, with the amount of "restitution . . . deferred until a date T[o] B[e] D[etermined]" (*See* Dkt. No. 1682.) On February 16, 2022, this Court entered a Judgment in accordance with those terms ("Original Judgment"). (Dkt. No. 1731.)

On December 22, 2022, the Probation Office disclosed an Amended Presentence Investigation Report ("Amended PSR") for Defendant. Like the PSR, the Amended PSR also contained the following language for restitution: "Notwithstanding any payment schedule set by the court, the United States

[1] A typographical error resulted in the latter section being referred to as § "3644(m)." However, as explained below, this typographical error is inconsequential because the Court undoubtedly meant to refer to 18 U.S.C. § 3664(m), and, in any case, referring to § 3664(m) is not essential because of other clear language authorizing the government to enforce beyond the $25-per-quarter floor.

Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and ***3664(m)***." (Amended PSR, Sentencing Recommendation at 6, emphasis added).

On May 30, 2023, after the parties had submitted briefing on restitution and after a restitution hearing on February 17, 2023, this Court entered the Amended Judgment against Defendant. The Amended Judgment ordered him to pay $452,047,268 in restitution, along with the $25,000 fine and the $1,200 special assessment that had already been ordered under the Original Judgment. (Dkt. No. 1766 at 6.) Tracking the PSR and Amended PSR, the Amended Judgment requires Defendant to pay "not less than $25 per quarter" while imprisoned and "not less than $1,000 or at least 10 percent of earnings, whichever is greater," once he commences supervised release. It further states that "Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and 3644(m)," inadvertently mis-citing 18 U.S.C. § 3664(m), a provision of the Mandatory Victim Restitution Act ("MVRA"). (*See* Dkt. No. 1766 at 7.)

On June 7, 2023, the government filed an Administrative Motion to Correct Judgments seeking to correct, among other things, the Amended Judgment's erroneous reference to 18 U.S.C. § "3644(m)" instead of § "3664(m)." (*See* Dkt. No. 1770). Defendant did not object to the government's Administrative Motion.

On June 13, 2023, Defendant filed a Notice of Appeal. (Dkt. No. 1772.)

On September 26, 2023, the government filed the application for a writ of continuing garnishment as to Defendant's stock accounts held by Fidelity Investments. (Dkt. Nos. 1783-1785.) Defendant did not follow the federal garnishment statute's procedures, which contemplate that a judgment debtor should file any objections *after* a writ has been issued and the garnishee has answered. *See* 28 U.S.C. § 3205(c)(5). Nor did he meet the requirement of Civil Local Rule 7-3(a), which requires oppositions to motions to be filed within 14 days. Instead, on October 12, 2023, before the Court issued any ruling on the government's application, and 16 days after the application had been filed, Defendant filed his objection. (Dkt. No. 1786). Defendant has not moved to stay enforcement of his restitution obligations pursuant to Federal Rule of Criminal Procedure 38(e).

## III. LEGAL STANDARDS

According to 18 U.S.C. § 3613(a), "a judgment imposing a fine may be enforced *against all property or rights to property* of the person fined" (emphasis added). When Congress passed the MVRA in 1996, it added subsection (f) to 18 U.S.C. § 3613, which states: "In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement *of an order of restitution*." *See* Pub. Law 104-132, 110 Stat. 1214, 1239 (emphasis added); *see also United States v. Novak*, 476 F.3d 1041, 1046 (9th Cir. 2007) (applying 18 U.S.C. § 3613(a) to criminal restitution orders).

Under 18 U.S.C. § 3664(m)(1)(A), the provision referenced in 18 U.S.C. § 3613(f), an "order of restitution may be enforced in the manner provided . . . *by all . . . available and reasonable means*." (Emphasis added.)

## IV. LEGAL ARGUMENT

### A. The Amended Judgment Authorizes Enforcement Beyond The Payment Schedules.

As the Ninth Circuit has recognized, a court may denote a payment schedule for restitution while also authorizing enforcement beyond that schedule. *See United States v. Gagarin*, 950 F.3d 596, 609 (9th Cir. 2020).[2] Contrary to what Defendant argues, such judgments are not inherently "internally inconsistent." (*See* Dkt. No. 1786 at 5:4.) In *Gagarin*, the Ninth Circuit affirmed a judgment providing that "a lump sum payment is 'due immediately,' but that . . . any portion of that single restitution amount that is not in fact paid 'immediately'—is 'due ... in accordance with' an installment plan." 950 F.3d at 609. Such a judgment was distinguishable from the one the court vacated in *United States v. Holden*,

---

[2] *See also United States v. Villongco*, No. CR 07-009 (BAH), 2016 WL 3747508, at *7 (D.D.C. July 11, 2016) (noting numerous district courts that have "conclude[d] that, despite a court-imposed payment schedule, the government may collect the full amount of restitution at any time," including *United States v. Otter*, No. 2:09cr25, 2011 U.S. Dist. LEXIS 52518, at *4, 2011 WL 1843191 (W.D.N.C. May 16, 2011); *United States v. James*, 312 F. Supp. 2d 802, 807 (E.D. Va. 2004)); *United States v. Bancroft*, No. 1:09-cr-101-02, 2010 U.S. Dist. LEXIS 116576, at *2, 2010 WL 4536785 (W.D. Mich. Nov. 1, 2010); *United States v. Picklesimer*, No. 3:00CR0008, 2010 U.S. Dist. LEXIS 71052, at *4, 2010 WL 2572850 (W.D.N.C. June 24, 2010); *United States v. Clayton*, 646 F. Supp. 2d 827, 835 (E.D. La. 2009); *United States v. Miller*, 588 F. Supp. 2d 789, 801–02 (W.D. Mich. 2008); and *United States v. Hawkins*, 392 F. Supp. 2d 757, 759 (W.D. Va. 2005)).

908 F.3d 395 (9th Cir. 2018), on which Defendant relies. (*See* Dkt. 1786 at 5:5-6.) In *Holden*, the Ninth Circuit vacated a judgment because it was internally contradictory: it simultaneously required the entire restitution debt to be paid in a lump sum, as well as through "a schedule of small payments" to be made during the Defendant's period of incarceration. *Id.* at 404. The periodic payment schedule could not be read as conditional on Defendant's failure to pay the lump sum because the court had already found that Defendant lacked the ability to pay the lump sum. *Ibid.*

Here, as in *Gagarin*, the Amended Judgment contains no contradictions. It provides that while imprisoned, Defendant's "monetary penalties are due at the rate of *not less than* $25 per quarter." (Dkt. No. 1766 at 7, emphasis added.) It also designates a different schedule that will apply once Defendant begins supervised release, requiring "monthly payments of *not less than* $1,000 or at least 10 percent of earnings, whichever is greater." (*Ibid*., emphasis added.) These provisions fulfilled the Court's duty under the MVRA to identify a "schedule according to which[] the restitution is to be paid." 18 U.S.C. § 3664(f)(2); *see also Ward v. Chavez*, 678 F.3d 1042, 1050 (9th Cir. 2012). At the same time, through the words "not less than," the Amended Judgment makes clear that these are minimum periodic payments—floors, not ceilings. For good measure, the Amended Judgment further provides that "Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and 3644(m) [sic]."

Defendant makes no effort to explain why the words "not less than" are insufficient to authorize enforcement beyond the currently applicable floor of $25 per quarter. Indeed, these words distinguish the instant case from the nonbinding case that Defendant relies on, *United States v. Martinez*, 812 F.3d 1200, 1203 (10th Cir. 2015), in which the Tenth Circuit found that a district court had intended to order a "*fixed* monthly amount," not a minimum monthly payment (emphasis added). There is no evidence of such an intention by the Court here. And while Defendant also relies on the out-of-circuit, unpublished district court cases *United States v. Villongco*, No. CR 07-009 (BAH), 2016 WL 3747508 (D.D.C. July 11, 2016) and *United States v. Kay*, No. CR 11-218(1) ADM/TNL, 2017 WL 875784 (D. Minn. Mar. 3, 2017), which examined restitution payment schedules with the language "no less than" and "a minimum of," respectively, those cases are inconsistent with *Gagarin* and a plain-meaning interpretation of the

words "not less than" here.[3]

Ignoring the words "not less than," Defendant focuses only on challenging the Amended Judgment's command that "Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means." These arguments fall flat for the reasons explained below.

**B. <u>18 U.S.C. § 3613 Applies to Restitution Debts.</u>**

The "Notwithstanding" sentence in the Amended Judgment affirms that the Court did not intend to restrict the government's enforcement abilities. Rather, in citing 18 U.S.C. § 3613, the Court recognized the government's restitution authority through that provision, which confers broad authority on the government, stating that "a judgment imposing a fine may be enforced *against all property or rights to property* of the person fined" (emphasis added). Defendant contends that this provision applies only to "fines." (*See* Dkt. 1789 at 5:20-6:4.) He is wrong because § 3613(f)—which he never addresses—unequivocally expands § 3613(a)'s applicability to restitution. *See also Novak*, 476 F.3d at 1046.

**C. <u>The Amended Judgment's Reference to "3644(m)" is Obviously a Clerical Error.</u>**

18 U.S.C. § 3664(m) is another source of the broad enforcement authority articulated in the "Notwithstanding" sentence. It would be absurd to allow such clearly stated and well-founded authority to be wiped out by a simple clerical error in the Amended Judgment that caused this statute to be cited as § "3644(m)." As Defendant admits, § "3644(m)" is a "non-existent" statute. (*Id.* at 7:17.) Yet he audaciously suggests that the reference to "3644(m)" reflects no intention by the Court to refer to 18 U.S.C. § 3664(m). (*See* Dkt. No. 1786 at 7:8-25.)

If common sense were not enough, there are ample other indications that the Court intended to reference § 3664(m). First, the PSR and Amended PSR both recommended that the judgment state that "Notwithstanding any payment schedule set by the court, the United States Attorney's Office may

---

[3] In any case, *Villocongo* and *Kay* are also distinguishable because those courts acknowledged that if payment schedule language such as "no less than" or "a minimum of" is coupled with some additional indicia that the Court intended them to be floors, then they should in fact be treated as floors. *See Villocongo*, 2016 WL 3747508 at *8; *Kay*, 2017 WL 875784 at *3. Such indicia are present here, since the Amended Judgment states that "Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means."

pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and *3664(m)*" (emphasis added). The Amended Judgment tracks the Amended PSR in all other material respects with respect to restitution, so it is obvious that Amended Judgment's reference to "3644(m)" is merely a typographical error. Second, this Court has issued other orders and judgments that, like the Amended PSR, contain the language "Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and *3664(m)*" (emphasis added). *See, e.g.*, *United States v. Hoang*, Stipulation and Order Re: Restitution, Aug. 30, 2023, Case No. 5:22-CR-00149 EJD, Dkt. No. 60 at ¶ 6; *United States v. Faizi*, Judgment in a Criminal Case, Aug. 2, 2022, Case No. 5:18-CR-00455-EJD, Dkt. No. 65 at 6. This is standard language in criminal judgments in this district.

Scrivener's errors like the one in the Amended Judgment are clearly "clerical errors" that a court may correct anytime under Federal Rule of Criminal Procedure 36. *See, e.g., United States v. Jacques,* 6 F.4th 337, 341 (2d Cir. 2021) ("Clerical errors include such mistakes as listing the wrong statutory citation"); *United States v. Banol–Ramos*, 516 F. App'x 43, 48 (2d Cir.2013) (instructing district court on remand to correct judgments pursuant to Rule 36 to identify the violated section of Title 18 U.S.C. as "2339B" rather than "2239B"); *United States v. Pugh*, 790 F. App'x 197, 198 (11th Cir. 2020) (deeming it a "clerical error" when a "district court judgment stated the incorrect statute of conviction").

Defendant makes much ado about whether his pending appeal regarding restitution divests the court of jurisdiction to correct the Amended Judgment under Rule 36. (*See* Dkt. No. 1786 at 7:26-9:17.) But the answer to this question is immaterial because the typographical error here is harmless and need not even be corrected. *See, e.g.*, Fed. R. Crim. P. 52(a) ("Harmless Error. Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."); *Chowdhury v. I.N.S.*, 249 F.3d 970, 973 n.2 (9th Cir. 2001) (noting that a clerical error citing the wrong statute was "harmless error" because defendant had sufficient notice of the intended statute); *United States v. Jingles*, No. 2:98-CR-0431 KJM, 2018 WL 1305786, at *2 (E.D. Cal. Mar. 13, 2018), rev'd and remanded, 775 F. App'x 366 (9th Cir. 2019) ("The materiality requirement read into Rule 36 by the courts appears geared to avoid overreliance to correct any error, including misplaced commas, grammatical inconsistencies and other matters having no impact on the resulting judgment."); *United States v. Jingles*, 775 F. App'x 366 (9th

Cir. 2019) (assuming without deciding that clerical errors in a judgment are reviewed for harmlessness). First, it is harmless because Defendant does not argue that he understood the reference to "3644(m)" meant anything other than 18 U.S.C. § 3664(m), and he has not articulated any prejudice. Second, it is also harmless because even without any reference to § 3664(m), the Amended Judgment permits the government to enforce payment of Defendant's criminal monetary penalties beyond the stated schedule for three other independent reasons: (1) the words "not less than," (2) the language "Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means," and (3) the citation to 18 U.S.C. § 3613.

In any case, Defendant is incorrect that his pending appeal divests this Court of jurisdiction to correct the typographical error. The Ninth Circuit recognizes that Rule 36 is the criminal counterpart to Rule 60(a) of the Federal Rules of Civil Procedure. *See United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984); *see also, e.g.*, *United States v. Mackay*, 757 F.3d 195, 198 (5th Cir. 2014) (calling Federal Rule of Civil Procedure 60(a) the "civil twin" of Rule 36); *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987). And in cases applying Federal Rule of Civil Procedure 60(a), the Ninth Circuit has recognized "a number of exceptions to the general rule that a district court loses jurisdiction upon the filing of a notice of appeal," including that a district court "retain[s] jurisdiction to correct clerical errors." *See Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). Thus, it makes sense that "'Rule 36 allows the district court to correct an error if it is a clerical mistake in a judgment,' even if the criminal conviction is pending appeal.'" *See United States v. Odegaard*, No. CR 06-00178 DAE, 2009 WL 10695693, at *1 (D. Haw. Feb. 25, 2009) (citing *Stein v. Wood*, 127 F.3d 1187 and *United States v. Becker*, 36 F.3d 708, 710 (7th Cir. 1994)); *see also United States v. Hinsley*, 112 F.3d 517, 1997 WL 210777 (9th Cir. 1997) (unpublished); *United States v. Bennett*, 76 F.3d 389, 1996 WL 32131 (9th Cir. 1996) (unpublished).

Defendant relies on the out-of-circuit case *United States v. Jacques*, 6 F.4th 337, to argue that this Court lacks jurisdiction, but he reads *Jacques* too broadly. (*See* Dkt. No. 1789 at 7:26-9:10.) *Jacques* narrowly holds that a district court cannot correct a Rule 36 error "while there was an appeal pending from its denial of a Rule 36 motion involving those errors." 6 F.4th at 344. There was no such Rule 36 motion denied or appealed here.

## V. **CONCLUSION**

For the foregoing reasons, this Court should grant the government's application for a writ of continuing garnishment.

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

Dated: October 19, 2023

*/s/ Vivian F. Wang*
VIVIAN F. WANG
Assistant United States Attorney